IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00080-REB-BNB

STEVEN A. HILBERT,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, INC.,

Defendant.

_____

**ORDER**
_____

This matter arises on the parties' **Joint Notice of Settlement and Motion for Stay** [Doc. # 29, filed 2/21/2013] (the "Motion for Stay").  The parties represent that they have settled the case; are "in the process of drafting final release language"; and payment of settlement funds and dismissal of the case will occur 30 days after delivery of an executed release form.  Consequently, assuming the release is completed today, the settlement would not be finalized and the case dismissed until March 25, 2013, at the earliest.  In the meantime, the discovery cut-off is March 15, 2013; the pretrial conference before the district judge is May 31, 2013; and trial is set to begin June 17, 2013.  I lack authority to alter hearings and associated deadlines of matters before the district judge (including the pretrial conference and trial), and experience indicates that he generally is unwilling to postpone matters pending the finalization of a settlement.  The only deadline within my control is the discovery cut-off, and it may be the only

one requiring an extension if the parties act with dispatch to complete the settlement.[1]

IT IS ORDERED that the Motion for Stay [Doc. # 29] is GRANTED IN PART and DENIED IN PART as follows:

- GRANTED to extend the discovery cut-off to and including May 10, 2013; and

- DENIED in all other respects and, particularly, DENIED insofar as it seeks to vacate the final pretrial conference, trial, and all deadlines associated with them.

Dated February 22, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] In the event the relief granted here is insufficient, the parties may consider moving to close the case administratively pending finalization of the settlement, to be reopened on a showing of good cause should the settlement fail to be performed. See D.C.COLO.LCivR 41.2.